## Case No. 13,576b.

STURGIS et al. v. The OREGON.

[9 Betts. D. C. MS. 18.]

District Court, D. New York. March 3, 1847.

ADMIRALTY JURISDICTION—REMEDY AT LAW—SALVAGE SERVICES—LOCAL LIENS.

[1. Libellants rendered services to a vessel on the rocks, and furnished materials in aid thereof. They, however, had no possession of the boat as salvors, and did not undertake on the footing of salvage services, but only upon the employment of the owners to act in their aid. Libellants had no joint concern or interest in such services or materials, and were not jointly employed. The services were rendered in the port of New York, but, more than 12 days before the commencement of the suit, she left the port and state. Held, that libellants had a competent remedy at law, and the matter was not within the admiralty jurisdiction.]

[2. A lien acquired under the New York statute by rendering services or furnishing materials to a vessel in distress in a port of the state is lost if she depart from the port and state

more than 12 days before commencement of an action to enforce the same.]

[This was a libel by Russell Sturgis and William Boardman against the steamboat Oregon (George Law and Anson P. St. John, claimants), to recover compensation for services and materials furnished to her.]

Before BETTS, District Judge.

It appearing to the court, upon the pleadings in this cause, that the libel is filed to recover compensation for services rendered by the libellants to the steamboat Oregon in April, 1846, the said boat being on the rocks in Hurl Gate in this port, and also for materials supplied in aid of such services, the said boat then being in actual charge and possession of her owners, master and crew; and it appearing to the court, upon the pleadings and proofs, that the libellants had no possession of said boat as salvors, and did not undertake in this behalf on the footing of salvage services, but on the employment of the claimants and owners to act in their aid in the matter; and it further appearing to the court that the said boat is owned in the city of New York, and that her regular employment at the time was that of a passenger boat between this city and Stonington, in the state of Connecticut, and that after the services in the pleadings mentioned had been rendered by the libellants, and materials furnished, and more than twelve days before this suit was commenced, the said boat left this port for another, and also left the state of New York; and it further appearing to the court, upon the pleadings and proofs, that the libellants had no joint concern or interest in such services or materials, and were not jointly employed by the claimants and owners, and that they make no common title to a decree in this behalf: It is therefore considered by the court that the libellants, on the case made by the pleadings and proofs, have a competent remedy thereon at common law, and that the matter thereof does not appertain to the jurisdiction of this court in admiralty. And it is further considered by the court that, if the libellants under the local law acquired a lien for such services or materials, or any part thereof, they are not entitled to enforce the same against the said boat by a joint action; but it is further considered by the court that, if such lien ever existed in their behalf, because of such services rendered or materials supplied, it was lost or removed by the departure of said boat afterwards out of this state, and by her departure from this port, where such indebtedness was contracted, to another port, more than twelve days before the commencement of this action:

Wherefore it is ordered and decreed by the court that the libel in this behalf be dismissed, with costs to be taxed.

[On a reargument of this cause, the motion that the libellants have their remedy in this court in an action in rem was overruled and denied, but without costs. Case No. 13,577.]